UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH WHITE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 1:19-cv-02776-SEB-MJD |

**Order Granting Motion for Relief Pursuant to 28 U.S.C. § 2255**

Keith White was convicted through a guilty plea of conspiracy to possess with the intent to distribute heroin. His sentence for this crime was subject to a career offender enhancement. He seeks relief from his conviction and sentence pursuant to 28 U.S.C. § 2255 arguing in part that his counsel failed to file an appeal as directed. For the reasons explained below, the motion must be **granted**, and White will be permitted to appeal his conviction and sentence.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Procedural Background

White was indicted on July 18, 2017, with conspiracy to possess with the intent to distribute and/or to distribute 100 grams or more of a substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. White*, 1:17-cr-135-SEB-TAB-1 ("Crim. Dkt.") dkt. 1.

On September 17, 2018, the parties filed a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Crim. Dkt. 126. White agreed to plead guilty as charged and waived his right to appeal the conviction and sentence if the Court sentenced him within the advisory guideline range determined by the Court. *Id.* ¶¶ 1, 20. White also agreed not to contest his conviction or sentence in any action, including under § 2255. *Id.* ¶ 21.

At the combined plea and sentencing hearing on February 5, 2019, the Court accepted White's plea, found him guilty, and sentenced him to 144 months' imprisonment. Dkt. 146, 147.

White did not appeal and then filed this § 2255 motion.

## III. Discussion

In support of his § 2255 motion, White contends that his counsel was ineffective for failing to file a notice of appeal as requested.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the assistance of counsel. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir.

2

2011). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 476–77 (2000). This is the case "even when the defendant has, in the course of pleading guilty, signed … an 'appeal waiver'…." *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019). And "[w]hen counsel fails to file a requested appeal, a defendant is entitled to ... an appeal without showing that his appeal would likely have merit." *Peguero v. United States*, 526 U.S. 23, 28 (1999).

Here, White affirms that after the sentencing hearing, he "asked [counsel] about the appeal but she informed him that was the best deal he could expect, and that he had signed away his appeal rights." Dkt. 2 p. 4. He goes to explain that, on February 14, 2021, after he was returned to the holding facility, he mailed a letter to counsel instructing her to file a notice of appeal. *Id.*; *see also* dkt. 2-2 p. 2. The United States has presented no evidence to dispute these facts and instead argues that White has presented insufficient evidence to support his claim. But White's affirmation that he mailed the letter to counsel on February 14, 2019, is evidence that he did so. The Court rejects the United States' suggestion that White's statement made under the penalty of perjury should be disregarded as "self-serving." Dkt. 23 p. 14. As the Seventh Circuit has explained:

> [W]e advise against using one label repeatedly deployed in the government's brief, "self-serving," to describe an opponent's sworn testimony. Important testimony of a party is usually self-serving by its nature. *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 696 (7th Cir. 2011); *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003). In other contexts, we "long ago buried—or at least tried to bury—the misconception that uncorroborated testimony from the non-movant cannot prevent summary judgment because it is 'self-serving.'" *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010), *quoted in Trinity Homes LLC v. Ohio Cas. Ins. Co.*, 629 F.3d 653, 660 (7th Cir. 2010). The same principle holds true for habeas corpus petitions and § 2255 motions.

*Ryan v. United States*, 657 F.3d 604, 606, fn.1. (7th Cir. 2011). Therefore, the undisputed evidence in this case is that White instructed his attorney to file a notice of appeal and she failed to do so. Accordingly, White must be given a new opportunity to appeal his conviction and sentence. *See*

3

*Garza*, 139 S. Ct. at 749 ("When counsel's deficient performance forfeits an appeal that a defendant otherwise would have taken, the defendant gets a new opportunity to appeal.").

Because White is being allowed to file a direct appeal, his other claims are **dismissed without prejudice**. *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) (stating that when a district court grants a petitioner the right to file a direct appeal as a result of a § 2255 motion, the district court should properly dismiss the other claims without prejudice).

### IV. Conclusion

For the reasons explained in this Order, White's motion for relief pursuant to 28 U.S.C. § 2255 is **granted** to the extent that White may appeal the conviction and sentence in Case No. 1:17-cr-135-SEB-TAB-1. The motion is in all other respects **dismissed without prejudice.**

The **clerk shall terminate** the motion to vacate, Crim. Dkt. [166], reissue the judgment of February 7, 2019, and file a notice of appeal on White's behalf in that case.

**IT IS SO ORDERED.**

Date: 5/18/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEITH WHITE
15908-028
GILMER - FCI
GILMER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6000
GLENVILLE, WV 26351

All Electronically Registered Counsel